FILED - CLERK
U.S. DISTRICT COURT
05 JUN 17 PM 12: 49
TX EASTERN - BEAUMONT
BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ANTHONY RICHARD | § | |
| v. | § | CIVIL ACTION NO. 9:05cv28 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Anthony Richard, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of prison disciplinary action taken against him. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Richard states that on August 25, 2004, he received a disciplinary case for extortion of property. He says that the accusation was made on or around August 7, 2004, by a "known psych patient" named Johnson. Some two weeks later, he was placed in pre-hearing detention, and then received a case for extortion of an inmate named Charqois, but Richard says that he only held Charqois fill out a commissary list because Charqois cannot read or write.

Richard says that he was was found guilty of the disciplinary case and received punishments of 30 days of cell and commissary restriction, retention in Line Class III, and placement in administrative segregation. He did not lose any good time as a result of the disciplinary case.

After review of the pleadings, the Magistrate Judge issued a Report on May 17, 2005, recommending that the petition be denied. The Magistrate Judge concluded that Richard had failed to show that he was deprived of a constitutionally protected liberty interest as a result of the

disciplinary case at issue. *See* Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995). Richard filed objections to the Magistrate Judge's Report on June 1, 2005.

In his objections, Richard argues that he cannot be "forced to participate in psychotherapy against his will." He maintains that placing him in administrative segregation is tantamount to forced participation in psychotherapy, and that this placement imposes an atypical and significant hardship upon him. Richard discusses the burden of proof in prison disciplinary cases at great length and again argues that the duration of his confinement in segregation, which is so far some 300 days, amounts to an atypical and significant hardship.

Richard contends that he has a "constitutional right to be free from false disciplinary cases." He says that the evidence of his innocence, presented at the hearing, outweighed the evidence of guilt, and the disciplinary hearing officer erred by using the "some evidence" standard rather than a preponderance of the evidence standard for conviction.

Richard's objections are without merit. As the Magistrate Judge observed, the Fifth Circuit has held that administrative segregation is an incident ordinary to prison life and, absent extraordinary circumstances, is not a ground for a constitutional claim. Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). The Magistrate Judge properly concluded that Richard has not shown extraordinary circumsyances in this case. *Compare* Wilkerson v. Stalder, 329 F.3d 431, 433 (5th Cir. 2003) (inmates held in extended lockdown for some 30 years arguably stated claim under Section 1983); Colgrove v. Williams, slip op. no. 03-41596 (5th Cir., June 29, 2004) (unpublished) (holding that district court's conclusion that inmate who had been in administrative segregation for almost a decade failed to state a claim was "debatable," but concluding that inmate failed to show that he was denied due process).

More pertinently, Richard's claim concerning his confinement in administrative segregation relates to the conditions of confinement there. He complains that he is being forced to participate in psychotherapy against his will, that he has a right to "autonomy in his thoughts and spirit," and that where applicable to his circumstances, he has "the right to be left alone."

2

This complaint mirrors a recent lawsuit which Richard filed in this Court, styled Richard v. Director of TDCJ-CID, docket no. 9:05cv18. This lawsuit also complained about the alleged "forced psychotherapy" of administrative segregation and the conditions of confinement there. Although the lawsuit was filed as a habeas corpus petition, the Court construed it as a civil rights action because it did not challenge the fact or length of confinement. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (challenges to conditions of confinement in administrative segregation fall within Section 1983, even where the inmate alleges that he was placed in segregation as punishment for disciplinary offenses and that his placement there affected his parole eligibility). Richard's prior lawsuit was dismissed because Richard did not pay the filing fee or show that he is in imminent danger of serious bodily injury, as required by 28 U.S.C. §1915(g); it is currently on appeal.

To the extent that Richard complains about the conditions of confinement in administrative segregation, his habeas petition is without merit because such claims are not cognizable in habeas corpus. Carson, 112 F.3d at 820 (characterizing habeas petition challenging conditions of administrative segregation as a 1983 action and dismissing as barred by Section 1915(g)). In all other respects, the Magistrate Judge correctly determined that Richard failed to show that his complaint implicated any constitutionally protected liberty interests under Sandin. The punishments of 30 days of recreation and commissary restriction and retention in Line Class III do not exceed his sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of their own force, nor do they impose upon Richard a significant and atypical hardship in relation to the ordinary incidents of prison life. Sandin, 115 S.Ct. at 2301 (30 days of disciplinary segregation held not an atypical or significant hardship); *see also* Pichardo, 73 F.3d 612 at 613; Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000); *and* Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992) (no protected liberty interest in custodial classification).

The Magistrate Judge also properly concluded that Richard does not have a constitutionally protected liberty interest in being free from allegedly falsified disciplinary charges.

3

*See* Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984). If such a liberty interest existed, the holding in Sandin would be eviscerated. The operative interest involved is the nature of the deprivation, and Richard has failed to show any deprivation which deprived him of a constitutionally protected liberty interest. Sandin, 115 S.Ct. at 2300. Because Richard has not shown the deprivation of such a liberty interest, and his conditions-of-confinement claim is not properly brought in habeas corpus, his objections are without merit.

The Court has conducted a careful *de novo* review of all of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other filings and records in the cause. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED. The dismissal of this petition shall not prevent the Petitioner from challenging the conditions of his confinement through a civil rights lawsuit under Section 1983 or by any other lawful means. Finally, it is

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

SIGNED this 16th day of June, 2005.

THAD HEARTFIELD
UNITED STATES DISTRICT JUDGE